Mattie R. Wilmarth
vs.
Michael J. Tobin
No. 73355

Merton J. Wilmarth
vs.
Michael J. Tobin
No. 73356

Mattie R. Wilmarth
vs.
Clarence E. Cray, C. T.
No. 73977

Merton J. Wilmarth
vs.
Clarence E. Cray, C. T.
No. 73978

August 22, 1928.

CAPOTOSTO, J. In actions for negligence the jury returned a verdict for the defendants. The plaintiffs claim that the verdicts are against the evidence and ask for a new trial.

The plaintiff, Mrs. Wilmarth, claims that around 11:30 of the morning of August 3, 1927, she was standing in the immediate vicinity of the crosswalk at the southwest corner of the Post Office in the City of Providence, waiting for traffic to clear in order that she might cross over to the Industrial Trust Building side of Exchange Place; that an electric car was either passing or had just passed the place where she was standing; that as she was looking in a westerly direction towards the traffic officer, watching for his signal

to cross, she saw a "black car, my feet slipped out from under me. I struck the auto and that is all I know."

George A. Tisdale, a real estate man who had some business with the plaintiff, was standing beside the plaintiff but did not see the accident itself. According to his testimony, when he turned around to speak to the plaintiff, she was in the street next to the curb with the defendant's car stopped just beyond the body of the plaintiff. As to the positions of himself and the plaintiff just before the accident, he could not state definitely. He knew they were on the sidewalk near to the curb: "can't say how near, might have been a little on the curb or a little off the curb."

The defendant, who was driving a Ford coupe in an easterly direction towards Post Office Square, is a milk inspector for the City of Providence and was at the time of the accident on the business of his employer. His version of the occurrence is that he was following an electric car with the left side of his automobile about a foot or so from the curb at the crosswalk in question; that he passed a group of people who were standing on the curb at this point; that about that time he felt a thud about the center of his machine; that he brought his car immediately to a stop to see what had caused it and that he then saw the plaintiff in the street about a foot or so behind his rear wheel.

Mrs. Maria Spooner, a bright old lady some 76 years of age, who was standing with her daughter quite near the curbstone at that same corner, testified that she saw defendant's automobile going by quite slowly, that neither she nor her daughter had to step back to avoid any part of the automobile, and that, wherever the plaintiff came from, she saw the plaintiff in the street falling backward toward the curb almost knocking her daughter down.

The plaintiff's theory of the accident is that the defendant was driving so near the curb that the hub on one of the left wheels of the defendant's automobile struck the plaintiff's leg as she stood on the sidewalk, made her lose her balance and threw her into the street.

The plaintiff's rights were amply protected to secure a review, if desired, of the Court's rulings as to the duty of care of a person standing upon or close to the edge of the curbing of a sidewalk with the location and character of approaching traffic in plain view. It is not for this Court to examine its own decisions on points of law. A careful review of the credible evidence, however, fails to establish the plaintiff's claim by any preponderance of proof whatsoever. To support the plaintiff's contention we have to resort to deductions and speculation in the face of positive and apparently disinterested contradicting testimony. The impression left upon the Court's mind at the trial, and reaffirmed by a review of the testimony for the purpose of passing upon the plaintiff's motion for a new trial, is that the plaintiff either heedlessly placed herself in a position of danger which was or should have been reasonably apparent to her, or, what is more probable, thoughtlessly stepped off the sidewalk at a time when traffic at this busy corner made it inadvisable and unsafe.

Plaintiffs' motions, therefore, are denied.

For plaintiffs: Gardner, Moss & Haslam.

For defendants: Grim, Littlefield & Eden and Elmer S. Chace & Herbert E. Eklund.